# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**H**

| | |
|---|---|
| TAMMY HAMPTON, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNDERLINING, INC.,<br><br>Defendant. | Civil Action No. 1:26-cv-02488 |

### DECLARATION OF MICHAEL OHRENBERGER, ESQ., IN SUPPORT OF CLAIM FOR ATTORNEYS' FEES, COSTS, AND EXPENSES

**I, Michael Ohrenberger declare as follows:**

1. I am a Lead Associate at the law firm of Equal Access Law Group PLLC. I am duly licensed and a member in good standing of the bar of the State of Massachusetts. I am also admitted to practice before the United States District Court for the Northern District of Illinois.

2. I am counsel for Plaintiff Tammy Hampton ("Plaintiff"). I have personal knowledge of the matters set forth herein and, if called as a witness, could and would competently testify thereto.

3. I submit this Declaration in support of Plaintiff's Petition for Attorneys' Fees, Costs and Expenses.

4. The compensation for services rendered by Equal Access Law Group PLLC ("Counsel" or "Firm") in this case has been wholly contingent on the success of this litigation. Counsel has litigated this matter without payment from Plaintiff and with no guarantee of recovery. Counsel has also advanced costs and litigation expenses necessary to prosecute this action.

5. All the hours reflected below were reasonable and necessary for the prosecution of this case.

**Counsel Experience and Reasonableness of Fees**

6. My practice focuses on federal civil-rights class action litigation, including claims arising under Title III of the Americans with Disabilities Act. I regularly represent individuals with disabilities in matters involving access to places of public accommodation, discriminatory barriers to equal access, and the enforcement of rights secured by the ADA. Plaintiff's counsel has substantial experience litigating ADA matters, including cases filed in the United States District Court for the Northern District of Illinois.

7. My firm, Equal Access Law Group, PLLC, has represented individuals with disabilities in ADA litigation in federal courts, including in this District. The firm has also served as sole lead counsel or co-lead counsel in numerous ADA cases brought on behalf of individuals and putative classes in jurisdictions throughout the United States. My work in these matters includes evaluating pre-suit accessibility materials, developing claims and litigation strategy, drafting pleadings and motions, conducting legal research, managing case deadlines, participating in Rule 26(f) conferences, handling discovery matters, including Rule 26 disclosures, written discovery, document production, depositions, and discovery-related meet-and-confer communications, analyzing expert materials, preparing default-related filings, and preparing post-judgment applications for attorneys' fees, costs, and litigation expenses.

8. My current hourly rate for work performed in this matter is $500.00 per hour, which is consistent with a lead associate for specialized federal civil-rights litigation. ADA Title III litigation is a specialized civil-rights practice, and counsel who undertake these cases often do so in matters where the client's primary relief is injunctive and counsel's compensation depends on a later fee award. That reality supports awarding a reasonable market rate for the work performed. Therefore, this rate reflects my litigation experience, my focus on ADA

Title III website-accessibility matters, and the complexity of the issues involved. The rate is also reasonable when compared to rates used in similar ADA accessibility litigation. For example, in *Walden v. EYM Grp. Inc.,* No. 2:21-cv-01116-PP, Dkt. No. 31 (E.D. Wis. Jan. 9, 2023), partner time was billed at $750.00 per hour. The rate requested here is therefore well within a reasonable range for lead associate work in this type of litigation.

9. My firm's work in this case includes, but is not limited to: communicating with Plaintiff regarding the factual allegations and claims at issue; reviewing client intake materials, presuit accessibility reports, Defendant's website, and applicable ADA Title III authority; developing Plaintiff's claims and litigation strategy; preparing and revising pleadings, motions, briefs, declarations, and supporting exhibits; conducting legal research concerning ADA Title III, website accessibility, public accommodations, injunctive relief, default judgment, attorneys' fees, costs, and litigation expenses; analyzing expert materials and accessibility findings. This is a general summary of the work performed by my firm and me in this matter to date.

10. The ADA's fee-shifting provision serves an important public-enforcement function. Because Title III generally provides injunctive relief rather than compensatory damages, reasonable fee awards are necessary to ensure that individuals with disabilities can obtain counsel to vindicate their rights. Without fee recovery, many meritorious ADA claims would be economically impracticable to pursue. The Seventh Circuit applies the lodestar method in civil-rights fee cases, looking to the prevailing market rate for attorneys of comparable skill and experience. *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310–11 (7th Cir. 1996); *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639–40 (7th Cir. 2011). Courts in this District have likewise recognized reasonable fee awards in ADA litigation based on counsel's experience, market-rate evidence, and the work reasonably required. *Baier v. Rohr-*

*Mont Motors, Inc.*, No. 12 C 8234, 2016 WL 1395443, at *28–32 (N.D. Ill. Mar. 30, 2016).

11. Here, Plaintiff's counsel devoted time to vindicating Plaintiff's rights that otherwise could have been spent on other matters. Counsel undertook this case without payment during the litigation and with no guarantee of recovery. The requested fees therefore reflect the time reasonably necessary to obtain relief for Plaintiff and to enforce the ADA's mandate of equal access.

12. My work on this matter required time that otherwise could have been devoted to other hourly matters. Because Defendant did not appear or participate in the litigation, Plaintiff was required to pursue default-related relief, including default judgment and the present fee application, which increased the time necessary to bring this matter to resolution.

13. I reviewed the billing records before submitting them to the Court. In exercising billing judgment, I excluded, reduced, or omitted time that was duplicative, excessive, clerical, or otherwise not reasonably necessary to the prosecution of this matter.

14. My firm maintained detailed records of the time spent on this matter. The lodestar calculation is based on the firm's current billing rates and contemporaneous time records prepared and maintained in the ordinary course of business. A summary of those billing records is attached as Ex*hibit 1*.

15. Based on the records maintained by my firm, Plaintiff seeks attorneys' fees in the amount of $10,880.00, representing 19.00 hours of attorney time at $500.00 per hour, and 4.60 hours of paralegal time at $300.00 per hour. These amounts are reasonable and necessary considering the work performed, the posture of the case, and the relief obtained. The number of hours reflects all the work this case has required over its lifespan, including the motion for default judgment and the present fee petition.

16. Based on my firm's records, Plaintiff's counsel has incurred $580.40 in unreimbursed taxable costs in connection with this action, including filing fee, service-of-process fees, mailing and postage charges. Documentation supporting these costs is attached as *Exhibit 2*.

17. Based on my firm's records, Plaintiff's counsel has incurred $1,500.00 in unreimbursed litigation expenses in connection with the prosecution of this action. This amount reflects expert-related accessibility services and reports necessary to evaluate Defendant's website, substantiate the accessibility barriers alleged in the Complaint, and support counsel's presuit investigation. These expenses were reasonably incurred to ensure that Plaintiff's claims were factually grounded, legally supportable, and brought in good faith.

18. Plaintiff is the prevailing party in this matter because the Court entered default judgment / judgment with injunctive relief in Plaintiff's favor on April 29, 2026. (ECF No. 13). The Court's order granted Plaintiff relief under Title III of the ADA, 42 U.S.C. § 12182, and Plaintiff now seeks reasonable attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205 and applicable law.

19. The requested fees, costs, and litigation expenses were reasonably incurred and are supported by the records and documentation submitted with Plaintiff's Motion.

20. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 15, 2026,

*/s/Michael Ohrenberger*
Michael Ohrenberger, Esq.
EQUAL ACCESS LAW GROUP, PLLC
4903 Avenue N
Brooklyn, NY 11234
Phone: (716) 281-5496
Email: MOhrenberger@Ealg.law
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 15, 2026, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Michael Ohrenberger*

Michael Ohrenberger, Esq.
4903 Avenue N
Brooklyn, NY 11234
Phone: (716) 281-5496
Email: MOhrenberger@Ealg.law
*Attorneys for Plaintiff*